ams

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 03-40103-01-JAR** |
| | ) | **05-3001-JAR** |
| **JERMAINE RAYTON,** | ) | |
| | ) | |
| **Defendant/Petitioner.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**

Defendant/Petitioner Jermaine Rayton filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 30.) In the motion, Rayton maintains that his counsel was ineffective in negotiating his guilty plea and that his sentence should be vacated as unconstitutional in light of the Supreme Court's decisions in *Blakely v. Washington*,[1] and *United States v. Booker*.[2] The Government did not file a response to Rayton's motion.

This Court denies Rayton's motion because neither *Blakely* nor *Booker* is retroactive to federal criminal cases that became final before the *Blakely* decision was handed down on June 24, 2004. The Court further denies Rayton's claim of ineffective assistance of counsel. Rayton is unable to show that counsel was ineffective when advising him to plea guilty or that counsel's advice prejudiced him.

---

[1] 542 U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2] 543 U.S. __, 125 S. Ct. 738, 2005 WL 50108 (2005).

**I. Procedural Background**

On February 23, 2004, Rayton pleaded guilty to two counts of a seven-count Indictment: one count of distributing five grams or more of cocaine base, and one count of possession of a firearm during and in relation to a drug trafficking crime. The plea agreement signed by Rayton stated that he understood that he faced a five-year mandatory minimum sentence for the drug conviction. It further stated that he faced a five to ten-year sentence for the firearm conviction. The plea agreement provided that Rayton understood "that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive." Rayton also signed a Petition to Enter Plea that attested that the plea was made freely and voluntarily, and further set forth the maximum sentence that he faced. This petition also clearly set forth the language of the charges that Rayton pleaded guilty to.

At the plea hearing, Rayton stated on the record that he did not receive any "promises or assurances" that would have induced him into signing the plea agreement, other than what was contained in the agreement itself. He assured the Court that the decision to plead guilty was made voluntarily of his own free will. The Court asked Rayton if he had received sufficient advice from his attorney before deciding to plead; and Rayton responded in the affirmative. At the Court's request, the United States Attorney recited the factual basis for the plea; and Rayton acknowledged that the government had such evidence. The Court asked Rayton if he "participated in the distribution of five grams or more of crack cocaine" and if he agreed that he was "in possession of a firearm during that transaction." Rayton responded affirmatively to both of these questions.

The Court imposed Rayton's sentence on May 24, 2004. Under the Guidelines and the

applicable statutes, the Court imposed a sentence of 123 months of custody. This sentence was comprised of a 63-month sentence for the drug conviction and a 60-month sentence for the firearm conviction, to be served consecutively.[3] Rayton now asks the Court to vacate this sentence, arguing that it is unconstitutional under recent Supreme Court decisions and because his counsel was ineffective in advising him to accept the plea bargain.

## II. Analysis

The Court will address the applicability of the *Blakely* and *Booker* decisions to Rayton's case, then address his claim of ineffective assistance of counsel. Under 28 U.S.C. § 2255, the Court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[4] The Court determines that the motion and files of this case are conclusive in showing that this petitioner is not entitled to relief on either ground asserted in his motion.

### *Retroactivity of Blakely*

Rayton argues that his sentence is unconstitutional, citing *Blakely* and *Booker*. *Blakely* represents an extension of the rule originally announced in *Apprendi v. New Jersey*, where the Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[5] In *Blakely*, the Court applied the rule and explained that the statutory maximum under

---

[3] *See* 21 U.S.C. § 924(c)(1)(A)(i).

[4] *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943, 121 S. Ct. 1406, 149 L. Ed. 2d 348 (2001).

[5] 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000).

*Apprendi* "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*,"[6] which is not necessarily the same as the maximum punishment possible under statute.[7] On this basis, the Court struck down the Washington state sentencing scheme.

In the wake of *Blakely*, courts had grappled with the issue of whether the Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a fashion similar to that under the Washington scheme.[8] The Supreme Court resolved this issue in *United States v. Booker*.[9] In two separate majority opinions, the Court decided first, that the mandatory nature of the Guidelines violates the Sixth Amendment for the same reasons that the Washington state scheme did in *Blakely*.[10] Second, the Court decided that the appropriate remedy for this constitutional infirmity is to excise the provision from the Sentencing Reform Act that requires district courts to apply the Guidelines.[11] Instead, the Court deemed the Guidelines advisory and explained that sentencing courts must now consider the sentencing goals as set forth in 18 U.S.C. § 3553(a).[12] The applicable standard of review under the new sentencing landscape is the reasonableness of the sentence.[13]

---

[6] *Blakely*, 124 S. Ct. at 2537 (emphasis in original).

[7] *Id.* at 2538.

[8] *See id.* at 2548-50 (O'Connor, J., dissenting).

[9] 543 U.S. __, 125 S. Ct. 738, 2005 WL 50108 (2005).

[10] *Booker*, 125 S. Ct. at 745 (Stevens, J.).

[11] *Id.* at 756 (Breyer, J.).

[12] *Id.* at 764.

[13] *Id.* at 765.

Because this is a collateral attack on a final sentence, the Court must determine if the rule announced in *Blakely* or *Booker* may retroactively apply to this petitioner. While the Supreme Court did state: "we must apply today's holdings–both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act–to all cases on direct review;"[14] the Supreme Court did not state whether its holding applied to cases on collateral review.

Prior to *Booker*, the Tenth Circuit held that *Blakely* did not apply to cases on collateral review.[15] The Tenth Circuit recently conducted the necessary constitutional analysis and determined that *Blakely* does not apply retroactively to initial motions under 28 U.S.C. § 2255, despite the Supreme Court's holding in *Booker*.[16] Other circuits have similarly held that *Booker* does not apply to cases on collateral review.[17] The Court concludes that neither *Blakely* nor *Booker* apply to Rayton's case, as his conviction is now final and on collateral review. Furthermore, the Court notes that none of Rayton's objections to his sentence concerns enhancements based on relevant conduct under the Guidelines. To the contrary, he objects based on facts that he admitted to in his plea agreement and

---

[14] *Id.* at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[15] *Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004); *United States v. Price*, No. 04-7058, 2004 WL 2905381, *4-5 (10th Cir. Dec. 16, 2004); *cf. United States v. Leonard*, No. 04-6197, 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) ("New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. . . . Thus, *Blakely*, as well as the Supreme Court's more recent decision in *United States v. Booker* . . . have no applicability to Leonard's sentence.").

[16] *United States v. Price*, __F.3d__, No. 04-7058, 2005 WL 535361, at *4 (10th Cir. Mar. 8, 2005). The Tenth Circuit has recently denied certification for successive § 2255 motions because "the rule announced in *Booker* is not retroactive," therefore it does not satisfy the requirement for a valid successive motion. *Bey v. United States*, __F.3d__, No. 05-3051, 2005 WL 469667, at *2 (10th Cir. Mar. 1, 2005); *United States v. Lucero*, No. 04-2131, 2005 WL 388731, at *2 (10th Cir. Feb. 18, 2005).

[17] *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *Varela v. United States*, __F.3d__, No. 04-11725, 2005 WL 367095, at *4 (11th Cir. Feb. 17, 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *cf. Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (second or successive motion); In re *Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (same).

that comprise the elements of the offenses themselves.

***Ineffective Assistance of Counsel***

Rayton argues that his counsel was ineffective in advising him to sign the plea agreement. In order to succeed on a claim of ineffective assistance of counsel, Rayton must meet the two-prong test set forth in *Strickland v. Washington*.[18] Under that test, Rayton must first show that his counsel's performance was deficient because it "fell below an objective standard of reasonableness."[19] Second, he must show that counsel's deficient performance actually prejudiced his defense. "In the context of a guilty plea, the prejudice prong requires a defendant to show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[20] Rayton advances two basic arguments as to why his counsel was ineffective in negotiating his plea agreement: (1) counsel should have explained to him the distinction between cocaine base and crack cocaine and how this it might affect his sentence; and (2) there was an "affirmative defense" to the firearm possession charge that counsel failed to properly investigate.

**1. Drug Type**

Initially, Rayton argues that counsel was deficient in failing to advise him of Amendment 487 to the Guidelines, which defines the term "cocaine base" for the purposes of applying the Guidelines. Rayton urges that counsel was unaware that "not all cocaine base is crack" and that this exposed him to a sentence based upon a ratio of one-hundred to one compared with powder cocaine. He states that if

---

[18] 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[19] *Id.* at 688, 104 S. Ct. at 2064-65.

[20] *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).

he had understood this distinction, he would have objected and potentially not pleaded guilty. Furthermore, Rayton states that during the plea hearing, he was not properly informed of the nature of the charge against him.

Rayton's contention that his counsel was ineffective is without merit on this point. Amendment 487 to U.S.S.G. § 2D1.1 states that the term "cocaine base" for the purposes of the Guidelines means "crack." The record shows that Rayton was apprised of the type of drug he was charged with and pleaded guilty to in the Indictment and at his plea hearing. The petition to enter his plea states under Count 6 that: "I, JERMAINE A. RAYTON, DID KNOWINGLY AND INTENTIONALLY DISTRIBUTE MORE THAN 5 GRAMS OF A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE BASE, COMMONLY KNOWN AS CRACK COCAINE." Count 7 in this petition also references the fact that cocaine base is commonly known as crack cocaine. The factual basis for the offenses in the plea agreement states that the substance at issue was tested by the Drug Enforcement Agency (DEA) and confirmed to be cocaine base. The maximum and minimum sentences that applied to the charges Rayton pleaded to were explained in both the plea agreement and the plea colloquy at the hearing. During the Rule 11 colloquy at Rayton's plea hearing, the Court explicitly asked if he agreed with the factual basis of his plea; namely, that he was pleading to distribution of crack cocaine, and that he possessed a firearm at the time. Rayton admitted to both of these facts under oath and on the record.

To the extent Rayton alleges that the sentencing disparity between powder and crack cocaine violates his constitutional rights, he is foreclosed by clear Tenth Circuit precedent.[21] The circuit has

---

[21] *United States v. Brooks*, 161 F.3d 1240, 1247 (10th Cir. 1998).

upheld the constitutionality of 21 U.S.C. § 841(b)(1) and U.S.S.G. § 2D1.1 when challenged on race-based equal protection grounds.[22]

Even if Rayton had provided evidence that counsel's assistance was "objectively unreasonable," he has failed to show that he suffered prejudice as a result. In order to meet the prejudice prong in this context, he must show that but for counsel's deficiency, he would not have pleaded guilty. Any possible failure by Rayton's counsel to explain that he was pleading guilty to a cocaine base (or crack cocaine) charge, rather than a powder cocaine charge, was cured by the Court's colloquy at the plea hearing. It is not the responsibility of the Court to explain to a pleading defendant potential sentences for charges not pleaded to (i.e. sentences applicable to a charge involving powder cocaine). Therefore, Rayton is "bound by his solemn declarations in open court," which contradict the statements in his affidavit and his motion.[23] The record shows that Rayton's claim of ineffective assistance of counsel based on drug type does not result in the level of prejudice contemplated under the *Strickland* test.

**2. Counsel's Failure to Investigate**

Next, Rayton alleges that counsel failed to properly investigate his claim of innocence to the firearm charge, resulting in an involuntary plea. Rayton urges that he knew of three witnesses, whose names he provided to counsel, who would have testified that he was not carrying a workable firearm at the time of the drug offense. He maintains that when he provided these names to counsel, counsel

---

[22] *United States v. Williams*, 45 F.3d 1481, 1485-86 (10th Cir. 1995) (collecting cases); *United States v. Thurmond*, 7 F.3d 947, 952-53 (10th Cir. 1993) (same), *cert. denied*, 510 U.S. 1199, 114 S. Ct. 1311, 127 L. Ed. 2d 661 (1994).

[23] *Lasiter*, 89 F.3d at 703.

dismissed him by claiming that they would not be found credible as compared to the Government's witness who was a DEA agent. Rayton submits that counsel was too intent upon settling his case through a plea agreement and should have, instead, pursued an "affirmative defense" through these witnesses.

The Court finds that this argument does not sustain a finding of ineffective assistance of counsel. Counsel's advice that a government agent would be more credible in the eyes of a jury than the individuals Rayton wished to call as witnesses is not "objectively unreasonable." At best, Rayton alleges that counsel had tunnel-vision and refused to consider any outcome other than a plea agreement in his case. He is unable to support an argument that if counsel had interviewed these witness, Rayton would have proceeded to trial in this matter. Also, any prejudice was cured when the Court explicitly established during the plea colloquy that Rayton admitted possessing a firearm during the commission of the drug offense.

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 30) is **DENIED**.

IT IS SO ORDERED.

Dated this 31st day of March 2005.

**S/ Julie A. Robinson**
**JULIE A. ROBINSON**
**UNITED STATES DISTRICT JUDGE**