ams

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )       **Case No.  03-40103-01-JAR** |
| | )                        **05-3001-JAR** |
| **JERMAINE RAYTON,** | ) |
| | ) |
| **Defendant/Petitioner.** | ) |
| | ) |

### <u>MEMORANDUM AND ORDER</u>

On March 31, 2005, this Court denied petitioner's Motion to Vacate under 28 U.S.C. §

2255 (Doc. 33).  The Court now considers petitioner Jermaine Rayton's Motion Seeking to File

Out of Time Certificate of Appealability Pursuant to Title 28 U.S.C. § 2253(c)(2) (Doc. 24),

filed on November 29, 2006.  The Court liberally construes petitioner's motion as asking for

leave to file a notice of appeal out of time and denies the motion.

On June 17, 2005, a Notice of Change of Address by petitioner was filed, informing the

Court that he was being held at the Cook County Jail in Chicago, Illinois and included

petitioner's new mailing address.  In the instant motion, petitioner states that he was in Chicago

"defending against a capital case."  Petitioner further states:

> Counsel of record seen [sic] the entry (see attached ) and wrote
> petitioner a letter indicating that a decision had been rendered in
> his case.  Petitioner had no Federal Codes, or civil law book's [sic]
> in which to assist him in seeking a COA/Appeal, and thus
> petitioner was basically ignorant of the fact that there existed time
> constraint's [sic] on seeking a [sic] appeal pursuant to COA, nor
> did counsel who had informed petitioner of the decision inform
> petitioner that he had to file a [sic] appeal within a certain amount

1

> of time.  Petitioner who in fact was fighting for his life in the capital case also admit's [sic] that he was more focused on the capital matter, and may have overlooked the fact that he could have written the Clerk and got the Rules of the court so as to enable petitioner to file a COA.
> . . . .
> Petitioner assert's [sic] that the neglect herein is due to the fact that petitioner is a layman and thus did not understand the complex requirements of the appellate process, nor did petitioner adequately understand the method in which a [sic] appeal was taken.  Under the circumstance, whereas at the time petitioner was fighting for his natural life his attention being compelled to prepare a defense to a capital charge, can taken in the light that petitioner is a layman be excusable.

Because petitioner is a *pro se* litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[1]  But a *pro se* litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[2]  In particular, a party's *pro se* status does not excuse the obligation to file a timely Notice of Appeal.[3]  The Court liberally construes plaintiff's motion as a motion to file a notice of appeal out of time.

An appeal from the denial of a motion to vacate under 28 U.S.C. § 2255 is governed by Fed. R. App. P. 4(a).[4]  Under that rule, a notice of appeal must be filed within 60 days of the judgment or order appealed from.[5]  Petitioner asserts that he did not receive a copy of the Court's

---

[1]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[2]*Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

[3]*See United States v. Reed*, 176 F. App'x 944, 946 (10th Cir. 2006) (citing *Senjuro v. Murray*, 943 F.2d 36, 38 (10th Cir. 1991) (per curiam)).

[4]28 U.S.C.A. foll. § 2255 R. 1.

[5]Fed. R. App. P. 4(a)(1)(B) (governing civil cases when the United States is a party).

Order or Judgment within the 60-day period.  The Court may reopen the time to file an appeal

for a period of 14 days if the following conditions are met:

> **(A)** the court finds that the moving party did not receive notice
> under Federal Rule of Civil Procedure 77(d) of the entry of the
> judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order
> is entered or within 7 days after the moving party receives notice
> under Federal Rule of Civil Procedure 77(d) of the entry,
> whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.[6]

According to petitioner, he did not receive notice of the Court's Order at the time it was filed

because his address had changed.  However, petitioner represents that his prior counsel informed

him of the decision and that he asked about the decision when he filed his notice of change of

address form on June 17, 2005.  It is clear that petitioner did not file the instant motion within

seven days of receiving notice of this entry, nor within 180 days of the entry of the order.

Therefore, no grounds exist upon which this Court may reopen the time to file an appeal and

petitioner's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Seeking

to File Out of Time Certificate of Appealability Pursuant to Title 28 U.S.C. § 2253(c)(2) (Doc.

24), is **DENIED**.  **IT IS SO ORDERED.**

Dated this 10th day of December, 2007.

                              **S/ Julie A. Robinson**

                              **JULIE A. ROBINSON**
                              **UNITED STATES DISTRICT JUDGE**

---

[6]Fed. R. App. P. 4(a)(1)(6).

3